# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**AARON C. BUNCH,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0351**  (BOR Appeal No. 2046184)
(Claim No. 2008043325)

**DAVID STANLEY CONSULTANTS, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Aaron C. Bunch, by Gregory S. Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. David Stanley Consultants, LLC, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 16, 2012, in which the Board affirmed a July 25, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 29, 2010, decision denying Mr. Bunch's request for a neurosurgical consultation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bunch worked for David Stanley Consultants, LLC as part of a moving and receiving crew. On May 12, 2008, Mr. Bunch injured his back while trying to install a top roller. Mr. Bunch's injury was held compensable for a lumbar strain. A displaced lumbar disc was soon afterwards added as a compensable condition of the claim. Mr. Bunch was initially treated by Dr. Patel and Dr. Grose who both found evidence of degenerative changes in Mr. Bunch's back. But Mr. Bunch refused surgery, injections, and additional physical therapy. On October 13, 2008, the claims administrator found that Mr. Bunch had reached the maximum degree of medical

1

improvement. Following this decision, on November 25, 2008, Mr. Bunch was admitted to the Raleigh General Hospital emergency room. The treatment report indicated that Mr. Bunch was at home when his leg went numb and he fell. X-rays taken at the time showed no fracture or subluxation of the lumbar spine. Mr. Bunch's pelvic x-ray was also normal. Mr. Bunch then requested a one-time consultation with a neurosurgeon, Dr. Armbrust. But Mr. Bunch's request was reviewed by Dr. Short who found that there was not enough evidence to show that Mr. Bunch needed a neurosurgical consultation. Dr. Short found that any need for a surgical consultation was linked to Mr. Bunch's fall at home. Dr. Short believed this was an independent intervening injury that was not caused by Mr. Bunch's compensable injury. The claims administrator denied Mr. Bunch's request for a neurosurgical consultation on December 29, 2010. Mr. Bunch was then evaluated by Dr. Bachwitt who found that there was no need for a surgical consultation. Dr. Bachwitt found that Mr. Bunch had reached the maximum degree of medical improvement. He also found that Mr. Bunch had full muscle strength in his lower extremities and that there was no evidence of radiculopathy. On July 25, 2011, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on February 16, 2012, leading Mr. Bunch to appeal.

The Office of Judges concluded that a preponderance of the evidence did not establish the medical necessity or reasonableness of Mr. Bunch receiving a neurosurgical consultation. The Office of Judges found that the evidence in the record did not establish that Mr. Bunch's need for a neurosurgical consultation was related to his compensable injury. Even though Mr. Bunch frequently complained that his legs would give out and he would fall, the Office of Judges found that there was no evidence that tied this problem to his compensable injury. The Office of Judges found that no causal connection had been established between Mr. Bunch's lower extremity problems, his leg weakness, and his compensable injury. The Office of Judges pointed out that Dr. Bachwitt had found no evidence of muscle weakness in his evaluation of Mr. Bunch's lower extremities.

The Board of Review adopted the findings of the Office of Judges and affirmed its Order. The Board of Review concluded that Mr. Bunch's request for a neurosurgical consultation was properly denied because he had reached the maximum degree of medical improvement and no further treatment was recommended in relation to the compensable injury.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Bunch has not established that the requested neurosurgical consultation is reasonably related and medically necessary to treat his compensable lumbar strain or displaced lumbar disc. In the early stages of Mr. Bunch's recovery, he refused several treatments and there is no evidence that he has received any treatment based on this claim since 2008. The record clearly shows that Mr. Bunch was found to have reached the maximum degree of medical improvement on October 13, 2008. Although there is evidence that Mr. Bunch is currently experiencing problems in his back and legs, there is no evidence that his symptoms are causally related to the compensable conditions of this claim. Considering that there is evidence in the record that links Mr. Bunch's current problems to an independent intervening home fall, Mr. Bunch has not provided enough evidence to justify authorizing the requested neurosurgical consultation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 11, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II